HAND, District Judge, specially concurring:
The opinion of the writing judge in this case is a masterpiece of judicial logic that clearly and cogently delineates the problems with the obligatory law as it now stands on issues such as are raised in this case, and one with which I am happy to concur. I write separately only for the purpose of expressing my continuing consternation with our “modern day” legalistic *1302 approach to the solutions of problems of the nature of those involved in this litigation. We have developed an overweening desire in our approach to societal issues to try to make all things perfect through the use of law, be it legislative, bureaucratic or judicial. We allow ourselves to be engaged in social engineering which is, at best, not an exact science and rarely succeeds, if ever, in solving its honest intents.
History clearly demonstrates that in any free society all that any citizen can rightfully expect from the law is that it provide to any who are confronted with it that they will have equal opportunity to or for justice. Anything more than that involves rank meddling by the government and/or the judiciary and carries with it all of the ramifications which history has shown result from such micro management of life, the chief result of which is the loss of individual freedom so clearly and jealously regarded by the founders of our government. During the course of oral argument in this case the County, through its counsel, admitted that they no longer discriminate in any fashion against women and have not done so for many years. If this is indeed the case it is axiomatic that the government’s continued actions under the rubric of some claim of necessity is unjustified and constitutes a classic example of the government placing the finger of the law on one side of the scale of justice to reach a perceived balance no longer justified. This is inimical to a free society and will ultimately be the product cause of its undoing.